BORIE, F. W. C. vs. BORIE, F. M. C. ET ALS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

The wife cannot, as owner, prevent the sale of a lot of land seized under an execution in favor of the creditors of her husband, to whom by public act the sale was made, by alleging that the purchase money belonged to her.

Although the words of a law are clear and free from ambiguity, if the meaning of the whole context be doubtful, the Code permits a departure from its letter, and a resort to its spirit.

A privity is contemplated by the law between the party enjoining and the judgment enjoined.

If a party through error or mistake, claim property which has been seized under execution, the penalty extends only to the property claimed.

This suit was brought by the wife of Augustin Borie, to obtain a separation of property; to recover of him the sum of seven thousand one hundred and seventy-two dollars, received by him in her right; to obtain a decree, giving her a legal mortgage on his estate for that amount; to enjoin the sheriff of the parish, and the plaintiffs in another suit, from proceeding further in a seizure of a part of her property made against her husband, the defendant; and to stay all proceed-

Eastern Dis.
February, 1833.

BORIE, F. W. C.
vs.
BORIE, F. M. C.
ET ALS.

ings against the property in her husband's possession, until her claims should be satisfied.

On motion of the opposing creditors of the husband, the court dissolved the injunction prayed for in the plaintiff's petition, and condemned the plaintiff and her surety *in solido,* for the payment of one hundred dollars, special damages, with costs of suit.

A motion for a new trial having been overruled, the plaintiff appealed.

*Labauve,* for appellants.

1. The motion to dissolve the injunction on the face of the papers, was wrongfully sustained.

2. Although the act from Belly to Borie, purports to be a sale, nevertheless the plaintiff who was no party to that act, is entitled by law to establish even by parol evidence, the nature of the transaction, and that it contained in reality, in her favor, a *dation in paiement.* 7 *N. S. p.* 199, 11 *Martin* 630.

3. Again, the motion to dissolve on plaintiff's own showing, gave for granted all the facts averred in the petition. 8 *N. S. p.* 395.

4. Even admitting that parol evidence could not be received, to show a *dation in paiement,* it is not known yet, by what kind of proof plaintiff intended to satisfy the court of that fact; she may have the best kind of written evidence; she had not the opportunity to offer any, the defendants forced her to trial on the face of her papers, allowing her the benefit of her allegations, as stated in the petition.

5. Should it be true, in fact, that Belly, instead of paying to Borie the thirty-two hundred dollars coming to his wife, gave, and Borie accepted in payment, the land; it is clear, that the property could not form a part of the community, in the meaning of the law. *Old Civil Code, p.* 336, *art.* 64, (similar to New Civil Code) 5 *N. S.* 255, 8 *N. S.* 192, 1 *La. Rep.* 520. In renouncing the community, the wife retakes her *biens propres. Civil Code,* 2404.

EASTERN DIS.
February, 1833.

BORIE, F. W. C.
vs.
BORIE, F. M. C.
ET ALS.

6. The judge erred in allowing special damages to the defendants, against the plaintiff and her surety; no law authorised such a decree in the case; the surety was not in court nor heard; the court could not sentence her, neither for damages nor for cost; if the defendants suffered damages, admitting that the injunction was wrongfully sued out, they could not be recovered but by a distinct and separate action on the bond, even then it is clear that attorney's fees would not be considered as damages, and the allowance of them here is erroneous.

PORTER, J. delivered the opinion of the court.

This case presents a contest between the wife of an alleged insolvent, and some of his creditors, in relation to a tract of land which they have seized under an execution issued against the husband, as belonging to him, but which the petitioner alleges to be her property.

There is a bill of sale by authentic act, from the father of the petitioner to the husband, but she alleges that the consideration in point of fact, was not that expressed in the deed, but was in truth the sum of thirty-two hundred dollars, of which her father had made a donation to her.

The defendants moved to dissolve the injunction, for errors apparent on the face of the papers. The court sustained the motion, and the petitioner appealed.

The court understands that the only question now before it is, whether the wife as *owner* of the property seized may prevent its sale. What may be her rights ultimately on the property as a privileged or mortgaged creditor, or as exercising the subsidiary right, which the laws of Spain, in force at the time this transaction took place, afforded her in cases of this kind, is not considered before us.

The wife cannot as owner prevent the sale of a lot of land, seized under an execution in favor of the creditors of her husband, to whom by public act the sale was made, by alleging that the purchase money belonged to her.

We think the court below did not err. It is true, that by the Spanish jurisprudence and laws, property purchased by the husband, with the money of his wife, becomes hers. Still, if the acquisition was made in his name, and without her intervention, as is alleged was the case here, her right was

12

EASTERN DIS.
February, 1833.

BORIE, F. W. C.
vs.
BORIE, F. M. C.
ET ALS.

only subsidiary, and could not be exercised but in case of insolvency and defect of other property. *See* 8 *N. S.* 192. *Febrero p.* 2, *lib.* 1, *chap.* 4, *sec.* 1, *no.* 7. The court below refused to assess damages against the plaintiff, under the act of 1831, but gave judgment against her and her surety for one hundred dollars, as special damages.

This decree is complained of by both parties. The refusal to grant the damages prescribed by the act just referred to, appears to have been made in consequence of the decision of this court in the case of *Ricard's heirs* vs. *Hiriart*, not yet reported. We have been requested to review that decision, and a very elaborate argument has been addressed to us, to prove its incorrectness. The substance of the objections offered is, that the law makes no difference between the case of a third party sueing out an injunction against the sale of a particular piece of property, and the defendant in execution who arrests the progress of the writ entirely. That where the law does not distinguish we should not. And finally, that the case of third parties obtaining injunction, is within the mischiefs intended to be repressed, as well as within the express letter of the law.

If this reasoning be correct, we were certainly in error, and it would be our duty to retrace our steps, and get right as soon as possible. After a very attentive consideration of the subject, we feel, however, constrained to retain our first impressions. It is true, the statute does not in express terms, confine the penalty to the defendant in execution who enjoins. It speaks generally *of the trial of injunctions*, and says that on this trial the surety on the bond shall be considered as a party plaintiff in the suit, and it directs that the court in the same judgment shall condemn the plaintiff and surety jointly and severally, to pay to the defendant interest at the rate of ten per cent. per annum, on the amount of the judgment, and not more than twenty per cent. as damages, unless damages to a greater amount be proved.

In the construction of statutes we are directed by our Code, when the law is clear and free from *all* ambiguity, not to depart from its letter, under the *pretext* of pursuing its spirit.

This is no doubt a very proper limitation on the power of courts. But we apprehend it was not contemplated by this enactment, that because each word had a distinct and clear signification, that we are not to seek in the whole context for the meaning of the law maker. This surely cannot be considered as a *pretext*, that is, a *false allegation*, of pursuing its spirit. Then how can a law be said to be clear from *all* ambiguity, when the perusal of it leads the mind of those who are compelled to interpret it, to a conclusion that another class of cases, than that which it is required to apply it to, were provided for. Such is our conclusion in the instance before us. We think it evident the law contemplates a privity to exist between the party enjoining and the judgment enjoined. Else why direct damages at a certain rate to be agreed on the amount of the judgment. Can any one believe it was the intention of the legislature, that where the seizure was made under a judgment to any amount, and there have been some rendered in the court as high as fifty thousand dollars, that a third party who believed he had a right to any, the smallest portion of the property seized, could not assert that right without exposing himself to a penalty in case of mistake or error, to ten, or perhaps fifty times the amount in dispute? We do not believe any such thing was intended. The penalty being given, and the interest directed to be calculated on the *amount of the judgment*, satisfies us that it was intended in cases where the execution of the *judgment* was enjoined. In the greater number of instances, (and it is for these, legislation is presumed to be made) the injunction by a third party, leaves the judgment and execution in full activity on all property but that which he claims, so that the case is not within the mischiefs intended to be repressed. It would be a strange conclusion indeed to reach, that in case, where, notwithstanding the property of which the sale was enjoined, did not amount to perhaps one twentieth part of the judgment, and the defendant in execution had other property sufficient to satisfy it, no individual can contest the privilege of the creditor to seize and sell any part of the property of the debtor, except under the penalty

EASTERN DIS.
*February,* 1833.
═══════
BORIE, F. W. C.
*vs.*
BORIE, F. M. C.
ET ALS.

Although the words of a law are clear and free from ambiguity, if the meaning of the whole context be doubtful, the Code permits a departure from its letter, and a resort to its spirit.

A privity is contemplated by the law, between the party enjoining and the judgment enjoined.

If a party, through error or mistake, claim property which has been seized under execution, the penalty extends only to the property claimed.

EASTERN DIS.
February, 1833.

BORIE, F. W. C.
vs.
BORIE, F. M. C.
ET ALS.

far beyond the value of the thing in dispute! Yet that is what is contended for; the law is said to be clear from all ambiguity, and it applies to all cases of injunctions. The proposition indeed amounts to this, that by our law, every man who is a creditor, is invested with privileges which are given to no other citizen, and that no one shall contest his right to seize any property under execution, except at the risk of paying a penalty which he would not be obliged to pay in asserting his claim against any one else; a penalty too, which in many instances would bear no proportion to the value of the property, or the injury inflicted. Whenever the legislature of Louisiana tell us in express terms, that it is their intention to make a privileged order of creditors, we shall believe it, not before. And we fully assent to the opinion of the Supreme Court of the United States, that "where rights are infringed, where fundamental principles are overthrown, where the general system of laws is departed from, the legislative intention must be expressed with inevitable clearness, to induce a court of justice to suppose a design to effect such objects." 2 Cranch 390.

We do not think it necessary to examine, whether in a case where collusion was proved between the plaintiff in injunction, and the defendant in execution, the penalty might not be incurred, because the collusion is not proved in this instance to our satisfaction.

Believing this case not to come within the act of 1831, we think the court below erred in condemning the plaintiff and her surety, to pay one hundred dollars damages. The defendants' remedy is on the bond.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and proceeding to give such judgment here, as in our opinion ought to have been given below, it is decreed and ordered, that the injunction granted in this against the sale of the property mentioned in the petition be dissolved, the plaintiff paying the cost below; the defendants those of appeal.