## No. 619.

### D. H. Sheppard vs. J. H. Scheene et al.

This suit was instituted by the defendant in injunction against the securities on the injunction bond, to recover damages arising out of the alleged improper issuance of the injunction. To this demand the plea of *res judicata* is opposed. The judge *a quo* erred in sustaining it. The present defendants were not before the court, when final judgment was pronounced in the case wherein the injunction issued, and nothing was decided as to them.

Article 304 of the Code of Practice relative to injunctions applies only to injunctions which arrest a judgment.

Actions upon bonds are not prescribed in three years.

APPEAL from the Eleventh Judicial District Court, parish of Bienville. *Trimble*, J. *L. B. Watkins*, for plaintiff and appellant. *J. C. Egan*, for defendants and appellees.

MORGAN, J. In the suit of W. B. Looney, for the use of L. G. Barron, vs. D. H. Sheppard, plaintiff prayed for judgment against the defendant for a certain sum of money, and also asked for and obtained an injunction prohibiting him from selling, disposing of, or incumbering the land described in his petition.

The defendant signed the injunction bond for twenty-five hundred dollars to secure the payment of such damages as the defendant might sustain in case it should be decided that the injunction improperly issued. Exception was taken to the suit, and a dissolution of the injunction was asked for on several grounds, and damages in the sum of one hundred dollars was prayed for on account of counsel fees. The action of the court on this exception does not appear in the record. In the brief, counsel for plaintiff says, that there was no judgment dissolving the injunction, but that Barron elected to abandon it. On the other hand, defendants' counsel says in his brief, that the exception was sustained but no damages were allowed. It is certain that in the final judgment no damages are awarded. Indeed, in the decree no mention is made of the injunction.

This suit is instituted by the defendant in the injunction against the

sureties on the injunction bond, to recover damages arising out of the alleged improper issuance of the injunction. To this demand the defendants offered the plea of *res judicata*. The plea was sustained and the suit dismissed.

The judgment is erroneous. The present defendants were not before the court, when final judgment was pronounced in the case wherein the injunction issued, and nothing was decided as to them.

Defendants argue that the question of damages having been put at issue by the pleadings, and a general judgment having ·been rendered without any reservation as to the plaintiff's rights, the judgment covers all the issues raised in the pleadings. But in this case the principal on the bond is not sued, and in the other case the sureties were not properly before the court.

But they contend that they must be considered as having been before the court and parties to the judgment. They rely in support of their position upon the 304th article of the Code of Practice, which declares that " on the trial of the injunction the surety on the bond shall be considered as a party plaintiff in the suit, and in case the injunction be dissolved, the court in the same judgment shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant interest at the rate of ten per cent on the amount of the judgment, and not more than twenty per cent as damages, unless damages to a greater amount be proved."

The article relied on relates to injunctions which arrest a judgment.

In Borie vs. Borie, 5 La. 87, the court said : " The judge erred in allowing special damages to the defendants against the plaintiff and her surety ; no law authorizes such a decree in this case ; the surety was not in court ; the court could not sentence her, neither for damages, nor for costs; if the defendants suffered damages, admitting that the injunction was wrongfully sued out, they could not be recovered, but by a distinct and separate action on the bond." The same doctrine has been repeatedly held. 9 An. 303 ; 11 An. 92, 524, 525.

The defendants urge that, when a plaintiff in injunction partially succeeds, and where the equitable remedy of injunction has not been palpably abused, damages will not be allowed, and that, inasmuch as the plaintiff in injunction had judgment in his favor, damages can not be awarded against the sureties on his injunction bond. On the merits, this would probably be a good defense, but the merits are not before us. We have only to decide whether or not the plea of *res judicata* was well taken. We think it was not.

Defendants also pleaded the prescription of three years. The point was not urged in argument or in the brief, and we conclude that it was abandoned. At all events, it is not tenable. The action is not one

arising *ex delicto*, but is upon a bond. Actions upon bonds are not prescribed in three years.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the case be remanded to be proceeded in according to law, appellees to pay costs of appeal.